CASE 5—FORFEITED RECOGNIZANCE—JUNE 5.

## Tenney, &c., vs. Commonwealth.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

Where a defendant in a criminal case had appeared in discharge of each of several recognizances, and another is executed, and he fails to appear in discharge of it, an order reciting the failure of the defendant "to appear in discharge of his recognizance," and declaring the same forfeited, sufficiently refers to the recognizance last executed, it being the only one then in force or obligatory upon the bail.

In a proceeding against bail upon a forfeited recognizance all pleadings on the part of the Commonwealth are dispensed with. The office of the summons is simply to notify the bail that there has been a forfeiture of the bond, and that the Commonwealth is proceeding to enforce it. The failure. to state *in the summons* the *amount* specified in the bond is immaterial. In this case the recognizance was entered into in the circuit court.

See this case for forms of the recognizance, of the order of forfeiture, and of the summons against the bail, *held* sufficient.

'Robards, indicted for murder in the Montgomery circuit court, having from time to time executed several recognizances, and appeared in discharge of each of them—on the 16th of June, 1858, with Bedford, Tenney and Gist as his sureties, entered into the following recognizance in open court: "J. H. Robards being in custody, charged with murder, and being held to bail in the sum of two thousand dollars, Paul C. Bedford, O. S. Tenney and G. W. Gist hereby undertake that the said J. H. Robards shall appear in this court on the 1st day of its next August term, to answer said charge, and will render himself at all times amenable to the orders and process of this court in prosecution of said charge ; and if said Robards fail to perform any of these conditions they will pay to the Commonwealth of Kentucky the sum of two thousand dollars." On the 9th of August, 1858, said court made the following order: "This day came the attorney for the Commonwealth, and the defendant failing to appear in discharge of his recognizance, the same is now declared forfeited, and a summons is now here ordered to issue upon the same against the bail of said defendant Robards." In pursuance of this order the following summons issued : "The Commonwealth of Kentucky to the sheriff

of Montgomery county, greeting: We command you to summon Paul C. Bedford, O. S. Tenney and G. W. Gist, to appear before the judge of our Montgomery circuit court, at the court house in the town of Mt. Sterling, on the 1st day of our next February term, to answer the Commonwealth upon a forfeited recognizance in the case of the Commonwealth against J. H. Robards, upon a charge of murder; and have then there this writ. Witness James M. Crawford, clerk of said court, this 17th day of January, 1859.          J. M. CRAWFORD, *Clerk.*"

The summons having been duly executed, and the defendants failing to appear, judgment was rendered by default for $2,000 against them, and they appeal.

R. APPERSON, JR., and THOS. TURNER, for appellants, cited *Criminal Code, sec.* 92 ; 14 *B. Mon.*, 84 ; 16 *Ib.*, 399 ; 18 *Ib.*, 493 ; *Crim. Code, secs.* 303, 304; 1 *Litt.*, 164 ; 5 *Ib.*, 59 ; 2 *Stat. Law*, 1429 ; 1 *Dana*, 165 ; 3 *J. J. Mar.*, 641 ; 1 *Dana*, 523 ; 4 *B. Mon.*, 421 ; 8 *Ib.*, 4 ; 6 *Mon.*, 43 ; 2 *Met.*, 89.

A. J. JAMES, Attorney General, for Commonwealth, cited *Crim. Code, secs.* 80, 92 ; 18 *B. Mon.*, 29.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Various defects in the recognizance, in the order of forfeiture, and in the summons, are insisted upon as grounds of reversal. None of these objections, however, are deemed available.

1. The record shows that the defendant Robards had appeared in discharge of each of the several recognizances which had been entered into prior to the 16th June, 1858. When, therefore, the order of the 9th August, 1858, was made, reciting the failure of the defendant "to appear in discharge of his recognizance," and declaring the same forfeited, it is certain that there was but one recognizance to which the order could have had reference—that of the 16th June, 1858, it being the only one then in force, or obligatory upon the bail.

2. The summons which subsequently issued, and which was regularly executed on the appellants, is in substantial, if not literal, compliance with the requirements of the provision of

the Criminal Code, which, in express terms, dispenses with all pleadings on the part of the Commonwealth in such proceedings, and merely directs a summons to be issued against the bail, requiring them to appear and show cause why judgment should not be rendered against them for the sum specified in the bail bond, on account of the forfeiture thereof. (*Sec.* 92.) The office of the summons is simply to notify the bail that there has been a forfeiture of the bond, and that the Commonwealth is proceeding to enforce it. By the summons in this case the bail are notified, with sufficient certainty, that there had been a forfeiture of their undertaking for the appearance of Robards, and that the Commonwealth was seeking and proceeding to recover a judgment thereon. The mere failure to state *in the summons* the *amount* specified in the bond is wholly immaterial. The bail had, in open court, and upon the record, undertaken to pay to the Commonwealth the sum of two thousand dollars if Robards should fail to perform any of the conditions specified in the undertaking, and the call upon them, in the summons, to answer the Commonwealth upon this forfeited recognizance, was a sufficient notice of the amount claimed against them.

3. Without noticing in detail the various objections taken to the bond itself, it is deemed sufficient to say that it is not defective, either as to form or substance.

The judgment is affirmed.